# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH GOLAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-04066-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER GRANTING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by *pro se* Petitioner Keith Golay ("Golay") (Dkt. 1). For the reasons explained in this Order, the motion is **granted.**

### I. SECTION 2255 MOTION STANDARDS

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2016, a one-count Superseding Indictment was filed against multiple defendants, including Golay.  *United States v. Keith Golay*, 1:16-cr-00250-TWP-MJD-6 (S.D. Ind.) (hereinafter, "Crim. Dkt.") (Crim. Dkt. 53).  Golay was charged with conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *Id*.  Counsel was appointed for Golay.  (Crim. Dkt. 129.)  On June 27, 2018, Golay filed a Petition to Enter Plea of Guilty and Plea Agreement.  (Crim. Dkt. 209.)  His plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) stated that "[t]he parties agree that … the appropriate disposition of this cause[] [is] a custodial sentence of between 276-300 months, followed by a period of supervised release to be determined by the Court."  *Id*. at 4.  A change of plea and sentencing hearing was held on October 23, 2018, and Golay was advised of his right to appeal.  (Crim. Dkt. 229.)  The Court accepted the binding plea agreement, adjudged Golay guilty as charged, and sentenced Golay to a term of 276 months' imprisonment.  (Crim. Dkt. 230.) No appeal was filed.

On September 27, 2019, Golay filed the instant § 2255 motion, attesting that his lawyer failed to file a notice of appeal as requested.  Specifically, he states, that he "felt he had appealable issues, such as minor role reductions and drug quantities . . . but counsel would not even file a simple notice of appeal when asked to do so."  (Dkt. 2 at 3 (Memorandum signed under penalty of perjury).)  In its response, the Government acknowledges it has no evidence to rebut Golay's allegation that his attorney failed to file a notice of appeal when asked to do so.  (Dkt. 8 at 8.)

### III. **DISCUSSION**

Golay seeks relief pursuant to § 2255 arguing that his trial counsel provided ineffective assistance of counsel by failing to file an appeal as requested.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). And "[w]hen counsel fails to file a requested appeal, a defendant is entitled to ... an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999). "In other words, '[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel.'" *Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012) (quoting *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010)). This is true regardless of whether the defendant has signed an appeal waiver. *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019).

The Government has presented no evidence to dispute Golay's sworn testimony that he expressly requested an appeal, thus, undisputed evidence in this case is that Golay instructed his attorney to file a notice of appeal and that his attorney failed to do so.[1]

---

[1] The Government's suggestion that Golay's statement made under the penalty of perjury should be disregarded as "self-serving" is rejected. As the Seventh Circuit has explained:

> [W]e advise against using one label repeatedly deployed in the government's brief, "self-serving," to describe an opponent's sworn testimony. Important testimony of a party is usually self-serving by its nature. *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011); *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). In other contexts, we "long ago buried—or at least tried to bury—

Because Golay's trial counsel was ineffective for failing to file an appeal on Golay's behalf, Golay must be afforded a new opportunity to appeal his conviction and sentence. "When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal." *Garza*, 139 S. Ct. at 749.

## IV.  CONCLUSION

For the reasons explained in this Order, Golay's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255, (Dkt. [1]), is **GRANTED.**  Golay may appeal the conviction and sentence that was imposed by the Court in Case No. 1:16-cr-00250-TWP-MJD-6. To affect this ruling, the Court **VACATES** the criminal judgment and shall **re-enter an identical judgment** in Case No. 1:16-cr-00250-TWP-MJD-6.  Pursuant to Federal Rule of Civil Procedure 32(j)(2), once the identical judgment is entered, the **Clerk is directed to file a Notice of Appeal** on Golay's behalf.

Judgment consistent with this Entry shall now issue and the **Clerk shall docket a copy of this Entry** in Case No. 1:16-cr-00250-TWP-MJD-6.  The Motion to Vacate in the underlying criminal action, (Crim. Dkt. [258]), is **granted** consistent with this Order.

**SO ORDERED.**

Date:  1/29/2021

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010), *quoted in Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 660 (7th Cir. 2010).  The same principle holds true for habeas corpus petitions and § 2255 motions.

*Ryan v. United States*, 657 F.3d 604, 606, fn.1. (7th Cir. 2011).

DISTRIBUTION:

Keith Golay, #15925-028
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 6000
Glenville, West Virginia  26351

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov